

IT IS ORDERED

**Date Entered on Docket: June 25, 2019**

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

IN RE:
**JUAN SANDOVAL**
**ROSA I. SANDOVAL,**
      Debtor(s).                                    **No. 13-17-11884 JA**

## <u>DEFAULT ORDER DISMISSING BANKRUPTCY CASE</u>

**THIS MATTER** came before the Court upon the Chapter 13 Trustee's Motion to

Dismiss for failure to make plan payments, filed on May 28, 2019 (doc #81). On May 28, 2019,

the clerk's office served notice of the Motion to Dismiss upon the debtor(s), debtor(s)' counsel,

and all creditors requesting notice, if any, with objections due on June 20, 2019. No timely

responses to the Motion to Dismiss were filed with the Court. The trustee last received a plan

payment from the debtors on March 19, 2019. Debtors are $1,007.74 (3 months) in arrears on

their plan payments through June 21, 2019.

In compliance with the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, the Chapter 13 Trustee certifies under penalty of perjury by her signature herein, that she has complied with the Servicemembers Civil Relief Act, through receipt of a response from the Department of Defense Manpower Data Center, which states that Juan Sandoval and Rosa I. Sandoval are not members of the military service of the United States nor her allies.

**THE COURT, BEING DULY ADVISED, HEREBY ORDERS:**

1.      If any allowed fees charged by Debtor(s)' counsel remain unpaid, the Chapter 13 trustee is hereby ordered to pay any funds she had on hand as of the date of dismissal to the Debtor(s)' counsel rather than the Debtor(s) until such fees have been paid (and also to pay herself any trustee fees in connection therewith, if a plan has been confirmed).  The Court finds that there is cause to modify the provisions of 11 U.S.C. § 349(b)(3) to such an extent

2.      If any portion of Debtor(s)' counsel fees have not yet been approved by the Court, the Chapter 13 Trustee shall hold sufficient funds on hand as of the date of dismissal until debtor(s)' counsel has submitted a final fee application and the Court has ruled on the same. Debtor(s)' counsel may file a final fee application within seven days.  The deadline to object is hereby shortened to 10 days, to which three days is added pursuant to Fed.R.Bankr.P. 9006(f).  When the fee application has been ruled on, the Trustee shall comply with the provisions of paragraph 1 of this Order.  If a fee application is not timely filed, the Trustee is directed to return all funds to the Debtor(s).

3.      The case is dismissed as of the date this Order is entered.  The Court retains jurisdiction to rule on any attorney fees that have not yet been approved.  *See In re Johnson*, 575 F.3d 1079, 1083-84 (10th Cir. 2009) (court retains jurisdiction over core matters despite dismissal of the underlying bankruptcy case).

4.      Any funds the Trustee receives after the date of dismissal shall be disbursed to the Debtor(s).


### ### END OF ORDER ###

Submitted and approved:

/s/Tiffany M. Cornejo/submitted
electronically/tk
Tiffany M. Cornejo
Chapter 13 Trustee
625 Silver SW, Ste. 350
Albuquerque, NM  87102
(505) 243-1335  fax (505) 247-2709
orders@ch13nm.com


Copies To:

Albert W. Schimmel, III
Attorney for Debtors
PO Box 8
Albuquerque, NM 87103

Juan Sandoval
Rosa I. Sandoval
8702 Candelaria Rd NE
Albuquerque, NM 87112